IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| NEUROLOGICAL SURGERY<br>PRACTICE OF LONG ISLAND, PLLC,<br><br>Plaintiff,<br><br>v.<br><br>U.S. DEPARTMENT OF HEALTH AND<br>HUMAN SERVICES, *et al.*,<br><br>Defendants. | Civil Action No. 1:23-cv-2977-BMC |

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S
MOTION FOR RECONSIDERATION**

**TABLE OF CONTENTS**

INTRODUCTION ..................................................................................................................1

BACKGROUND ....................................................................................................................1

LEGAL STANDARDS ..........................................................................................................3

ARGUMENT..........................................................................................................................4

I.      Plaintiff has not met the strict standard for reconsideration. ............................4

II.    None of the bases identified by Plaintiff provide grounds for granting
reconsideration. ..................................................................................................6

        A.    Plaintiff was not prejudiced by not responding to Defendants' one-sentence notice reporting the continued uninterrupted status of the IDR portal, and this lack of response does not provide a ground for reconsideration. ........................................................................................6

        B.    The Court has already rejected Plaintiff's claim involving the interpretation of New York state law. ........................................................7

        C.    This Court has already rejected Plaintiff's claim involving the number of IDR entities. ..........................................................................................8

        D.    The Court did not dismiss Plaintiff's claims solely based on mootness, and Plaintiff's characterization otherwise does not provide grounds for reconsideration. ..........................................................................................10

CONCLUSION....................................................................................................................11

# TABLE OF AUTHORITIES

**CASES**

*Am. Transit Ins. Co. v. Bilyk*,
  514 F. Supp. 3d 463 (E.D.N.Y. 2021)......................................................................................5

*Benzman v. Whitman*,
  523 F.3d 119 (2d Cir. 2008) ....................................................................................................8

*Camp v. Pitts*,
  411 U.S. 138 (1973) ................................................................................................................5

*Carolco Pictures Inc. v. Sirota*,
  700 F. Supp. 169 (S.D.N.Y. 1988)..........................................................................................4

*Common Sense Salmon Recovery v. Evans*,
  217 F. Supp. 2d 17 (D.D.C. 1992) ..........................................................................................5

*Fla. Power & Light Co. v. Lorion*,
  470 U.S. 729 (1985) ................................................................................................................5

*Funk v. Belneftekhim*,
  No. 14-CV-376 (BMC), 2020 WL 5645190 (E.D.N.Y. Sept. 22, 2020),
  *order vacated in part on reconsideration*,
  No. 14-CV-376 (BMC), 2020 WL 7642868 (E.D.N.Y. Dec. 23, 2020)...................................5

*Giuffre v. Maxwell*,
  No. 15-cv-7433-LAP, 2020 WL 917057 (S.D.N.Y. Feb. 26, 2020).........................................5

*Great Am. Ins. Co. v. Zelik*,
  439 F. Supp. 3d 284 (S.D.N.Y. 2020)......................................................................................4

*Hejmej v. Peconic Bay Med. Ctr.*,
  No. 17-cv-782-JMA-SIL, 2023 WL 4373628 (E.D.N.Y. July 6, 2023) ..................................4

*Intelligent Digit. Sys., LLC v. Beazley Ins. Co.*,
  962 F. Supp. 2d 451 (E.D.N.Y. 2013)..................................................................................4, 6

*Kornmann v. City of N.Y. Bus. Integrity Comm'n*,
  No. 17-cv-2328-BMC, 2020 WL 13680367 (E.D.N.Y. Sept. 25, 2020) .................................5

*L.V.M. v. Lloyd*,
  318 F. Supp. 3d 601 (S.D.N.Y. 2018)....................................................................................11

*Lujan v. Defs. of Wildlife*,
  504 U.S. 555 (1992) ..............................................................................................................10

*Marshall Cnty. Health Care Auth. v. Shalala*,
   988 F.2d 1221 (D.C. Cir. 1993) ...................................................................................5

*Norton v. S. Utah Wilderness All. ("SUWA")*,
   542 U.S. 55 (2004) ....................................................................................................8, 9

*Shrader v. CSX Transp., Inc.*,
   70 F.3d 255 (2d Cir. 1995) ................................................................................*passim*

*U.S. Bank Nat'l Ass'n v. Triazz Asset Mgmt. LLC*,
   352 F. Supp. 3d 242 (S.D.N.Y. 2019) ...........................................................................4

*Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*,
   956 F.2d 1245 (2d Cir. 1992) .....................................................................................4, 6

*Winzler v. Toyota Motor Sales U.S.A., Inc.*,
   681 F.3d 1208 (10th Cir. 2012) ..................................................................................10

*Zdanok v. Glidden Co., Durkee Famous Foods Div.*,
   327 F.2d 944 (2d Cir. 1964) .........................................................................................4

**STATUTES**

42 U.S.C. § 300gg-111 ...........................................................................................................8, 9

**REGULATIONS**

45 C.F.R. § 149.510 ................................................................................................................8, 9

**OTHER AUTHORITIES**

CMS, Payment disputes between providers and health plans: Notices (Dec. 21, 2023),
   https://www.cms.gov/nosurprises/help-resolve-payment-disputes/payment-disputes-between-providers-and-health-plans ......................................................................................7

**INTRODUCTION**

This Court has now twice dismissed this case. Plaintiff has repeatedly sought a wide-ranging mandatory injunction ordering the Defendants, the Departments of Health and Human Services, Labor, and the Treasury ("the Departments"), to take a long list of indistinct actions that Plaintiff asserted were necessary to make the independent dispute resolution ("IDR") process established by the No Surprises Act (the "Act" or "NSA") run more efficiently. Although Plaintiff recognizes in passing that the standard for granting reconsideration is strict and generally requires a showing of a change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice, Plaintiff does not make any compelling legal argument that any of those circumstances are present here. To the contrary, every one of the grounds for reconsideration that Plaintiff asserts reflects nothing more than an attempt to relitigate issues already decided. But the Court was correct in both its initial Opinion and Order issued in July 2023, ECF No. 21, and in its Memorandum Decision and Order issued in April 2024, ECF No. 44. Plaintiff's claims failed as a matter of law; Plaintiff was not entitled to injunctive relief; and Plaintiff has identified no error, much less clear error, in the Court's analysis. For the third time now, this Court should reject Plaintiff's arguments.

**BACKGROUND**

Plaintiff is an independent neurosurgery practice group. Compl. ¶ 1, ECF No. 1. It has chosen to remain out-of-network with most health plans, and accordingly some of the items and services it provides are subject to the provisions of the Act. *Id.* ¶ 3. On April 20, 2023, it filed this lawsuit, bringing claims under the Administrative Procedure Act (APA) and the All Writs Act, alleging that the Departments have failed to appropriately implement the No Surprises Act, and it sought an injunction and a writ of mandamus ordering them to take actions that Plaintiff deemed necessary to cure the deficiencies in the IDR process. *Id.* ¶¶ 86, 87, 88, 91, 95, 108, 112, 125, 129.

As relevant here, in the original Complaint, Plaintiff alleged, among other things, that the Departments have "fail[ed] to have sufficient IDR entities on board to meet the demand" to resolve payment disputes. *Id*. ¶ 48. Plaintiff also alleged that "federal IDR entities, aided by the Departments," have adopted an "incorrect interpretation of the law" to conclude that certain claims involving state-regulated health plans for non-emergency services provided by an out-of-network provider at an in-network facility were ineligible for the IDR process. *Id*. ¶ 66.

On July 17, 2023, the Court denied Plaintiff's motion for a preliminary injunction and dismissed the Complaint, concluding that Plaintiff lacked standing as to some of its claims and that Plaintiff had failed to state a claim under the APA or the All Writs Act as to the remainder. Opinion & Order, ECF No. 21. The Court expressed skepticism about allowing amendment, because "all the relevant facts have been placed before the Court and the failure is in plaintiff's legal theories." *Id*. at 18. On July 31, 2023, Plaintiff filed an Amended Complaint. ECF No. 22. The Amended Complaint merely reiterated claims that this Court had already rejected in its July 2023 Opinion and Order, and thus the Defendants moved to dismiss it. ECF No. 25. While that motion to dismiss was fully briefed and pending before this Court, Plaintiff filed a motion for leave to file a Second Amended Complaint and again moved for a preliminary injunction. ECF No. 30. Plaintiff's new preliminary injunction motion challenged the actions by the Departments to temporarily pause federal IDR proceedings and take the federal IDR portal temporarily offline in order to issue guidance and make technological and systems updates necessitated by two orders issued by a federal district court in Texas. *Id.* Because the Second Amended Complaint merely reiterated claims that this Court had already rejected in its July 2023 Opinion and Order, and Plaintiff had failed to establish any entitlement to the extraordinary remedy of a preliminary injunction, Defendants once again moved to dismiss and opposed the preliminary injunction

motion. ECF No. 37. Once the Departments issued necessary guidance and completed the technological and systems updates that the IDR portal required, the IDR portal resumed full operations. The Departments notified this Court of those developments on December 15, 2023, and confirmed the continued uninterrupted IDR portal status in response to the Court's request on March 28, 2024. ECF Nos. 41, 43. On April 1, this Court issued a Memorandum Decision and Order denying Plaintiff's motion for a preliminary injunction and dismissed the case as moot. ECF No. 44. This Court explained that "[e]ven if [it] was not dismissing the amended complaint on the ground of mootness, the Court agrees with [Defendants] that the Court's reasoning in dismissing the original complaint is just as applicable to the amended complaint" and explained that the "amended complaint would therefore be dismissed even if it wasn't moot." *Id*. at 3 n.1.

Plaintiff now moves for reconsideration on four bases, contending that:

- The Court did not expressly provide Plaintiff an opportunity to respond to Defendants' March 28, 2024 notice of continued uninterrupted Federal IDR portal operations.

- The Court failed to consider Defendants' failure to issue more specific guidance on the applicability of New York state law to medical bills not covered by the No Surprises Act.

- The Court failed to consider Plaintiff's claim that the Departments had not certified a sufficient number of IDR entities.

- The Court failed to consider prior instances of temporary suspension of IDR portal operations.

ECF No. 46-1.

## LEGAL STANDARDS

"The standard for granting . . . a motion [for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).

3

"The major grounds justifying reconsideration are an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (citation omitted). "This strict standard is intended to 'ensure the finality of decisions and to prevent the practice of a losing party examining a decision and then plugging the gaps of a lost motion with additional matters.'" *Great Am. Ins. Co. v. Zelik*, 439 F. Supp. 3d 284, 286 (S.D.N.Y. 2020) (quoting *Carolco Pictures Inc. v. Sirota*, 700 F. Supp. 169, 170 (S.D.N.Y. 1988)). Accordingly, "a motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided." *Shrader*, 70 F.3d at 257. Nor may a party moving for reconsideration use it as an opportunity to "present new or alternative theories that [it] failed to set forth in connection with the underlying motion." *Intelligent Digit. Sys., LLC v. Beazley Ins. Co.*, 962 F. Supp. 2d 451, 457 (E.D.N.Y. 2013); *see also Zdanok v. Glidden Co., Durkee Famous Foods Div.*, 327 F.2d 944, 953 (2d Cir. 1964) ("[W]here litigants have once battled for the court's decision, they should neither be required, nor without good reason permitted, to battle for it again."). "Ultimately, '[t]he decision to grant or deny a motion for reconsideration rests within 'the sound discretion of the district court.'" *Hejmej v. Peconic Bay Med. Ctr.*, No. 17-cv-782-JMA-SIL, 2023 WL 4373628 (E.D.N.Y. July 6, 2023) (quoting *U.S. Bank Nat'l Ass'n v. Triazz Asset Mgmt. LLC*, 352 F. Supp. 3d 242, 246 (S.D.N.Y. 2019)).

**ARGUMENT**

I.  **Plaintiff has not met the strict standard for reconsideration.**

Although Plaintiff acknowledges that a motion for reconsideration may be granted in only exceptional circumstances, ECF No. 46-1 at 2, it has failed to include any legal argument as to why its motion meets any of those circumstances. It has not pointed to any "intervening change in

controlling law," or "the availability of new evidence,"[1] or "[the] need to correct a clear error or prevent manifest injustice." *Id*. (citing *Giuffre v. Maxwell*, No. 15-cv-7433-LAP, 2020 WL 917057, at *1 (S.D.N.Y. Feb. 26, 2020)). The entirety of Plaintiff's legal argument as to why this Court should grant reconsideration here amounts to a passing observation that the Court has granted reconsideration in select cases in the past. But Plaintiff does not argue that those cases present circumstances similar to this case, or that the reasoning behind the Court's conclusions in those cases would be applicable here. In fact, the cited cases bear no resemblance to the circumstances here. For example, Plaintiff cites decisions granting reconsideration of motions *in limine*, where courts have applied a different legal standard to motions for reconsideration. *See, e.g.*, *Kornmann v. City of N.Y. Bus. Integrity Comm'n*, No. 17-cv-2328-BMC, 2020 WL 13680367, at *1 (E.D.N.Y. Sept. 25, 2020) (noting that "[i]t is inconceivable . . . that a trial court's 'decision' to . . . sustain an objection to a question, 'may not usually be changed unless there is an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent injustice.'" (citation omitted)); *Funk v. Belneftekhim*, No. 14-CV-376 (BMC), 2020 WL 5645190, at *6 (E.D.N.Y. Sept. 22, 2020), *order vacated in part on reconsideration*, No. 14-CV-376 (BMC), 2020 WL 7642868 (E.D.N.Y. Dec. 23, 2020) (same); *see also Am. Transit Ins. Co. v.*

---

[1] Although Plaintiff asserts that it should be afforded the opportunity to present factual evidence in support of its motion for reconsideration, Plaintiff brings claims under the APA. In such cases, the "task of the reviewing court," should it reach the merits, "is to apply the appropriate APA standard of review to the agency decision based on the record the agency presents to the reviewing court." *Fla. Power & Light Co. v. Lorion*, 470 U.S. 729, 743–44 (1985). The "focal point for judicial review" is therefore "the administrative record already in existence, not some new record made initially in the reviewing court." *Camp v. Pitts*, 411 U.S. 138, 142 (1973) (per curiam). "The district court sits as an appellate tribunal, not as a court authorized to [conduct] a trial-type proceeding," and the "entire case on review is a question of law, and only a question of law." *Marshall Cnty. Health Care Auth. v. Shalala*, 988 F.2d 1221, 1225-26 (D.C. Cir. 1993); *see also Common Sense Salmon Recovery v. Evans*, 217 F. Supp. 2d 17, 20 (D.D.C. 1992) ("[B]ecause a court's review of an agency's decision is confined to the administrative record . . . courts uniformly have held that discovery typically is not permitted."). Accordingly, no discovery or factual material other than the administrative record would be either necessary or appropriate in this case.

*Bilyk*, 514 F. Supp. 3d 463, 467 (E.D.N.Y. 2021) (granting plaintiff's motion for reconsideration of order denying default judgment where "unwieldy complaint" had left the court "unable to divine its claims" and where the reconsideration motion for the "first time draws the connections between the broadly pleaded allegations in the complaint and the detailed, but difficult to decipher, supporting exhibits").

For most of its alleged bases for reconsideration, Plaintiff does nothing more than attempt to relitigate issues that this Court has already decided. Plaintiff has simply tried to "reargue [its] previous positions or present new or alternative theories that [it] failed to set forth in connection with the underlying motion." *Intelligent Digit. Sys., LLC*, 962 F. Supp. 2d at 457. But that does not provide a valid basis for granting reconsideration. *Shrader*, 70 F.3d at 257. The Court's analysis was correct the first two times it dismissed Plaintiff's claims, and Plaintiff has fallen well short of its burden to show that there has been a change in controlling law, new evidence, or the need to correct a manifest injustice. *Virgin Atl. Airways, Ltd.*, 956 F.2d at 1255.

## II. None of the bases identified by Plaintiff provide grounds for granting reconsideration.

Plaintiff identifies four grounds on which it seeks this Court's reconsideration. But none presents an issue that warrants reconsideration, and Plaintiff's motion lacks any meaningful legal argument as to why these issues meet the strict standard for reconsideration in this circuit.

### A. Plaintiff was not prejudiced by not responding to Defendants' one-sentence notice reporting the continued uninterrupted status of the IDR portal, and this lack of response does not provide a ground for reconsideration.

Plaintiff argues that this Court should grant Plaintiff's motion for reconsideration because "Plaintiff was not afforded an opportunity to respond to the issues Defendants raised in their Status Report." ECF No. 46-1 at 3. However, the March 28, 2024 update to which Plaintiff refers did not present any legal arguments, much less "issues" to which Plaintiff needed to respond. The update consisted of a single sentence reporting that there had been no change since Defendants' last update

to this Court in December 2023. *See* ECF No. 43 ("Defendants respectfully report that there has been no change in portal status since their December 15, 2023 notice, ECF No. 41: The Federal IDR portal remains open for all disputes, including all batched and air ambulance disputes."). This information was also publicly available on Defendants' website. CMS, Payment disputes between providers and health plans: Notices (Dec. 21, 2023), https://www.cms.gov/nosurprises/help-resolve-payment-disputes/payment-disputes-between-providers-and-health-plans. Plaintiff was not prejudiced by its inability to file a response to this purely factual update prior to the issuance of this Court's memorandum opinion.

Moreover, Plaintiff does not contend that the factual information provided in Defendants' update was inaccurate. In fact, Plaintiff clarifies that, had it submitted a response, it would have simply addressed issues that it raised repeatedly in its original Complaint, First Amended Complaint, and Second Amended Complaint. *See* ECF No. 46-1 (identifying that Plaintiff would have submitted information about the Departments' failure to issue more state-specific guidance, continuing delays in IDR entities' adjudication of claims, and the history of temporary pauses of the IDR portal in order to facilitate technical and systems updates). But the Court has already rejected those arguments on multiple occasions. *See* ECF No. 21 (Opinion and Order rejecting those claims). These proposed grounds for a response thus do not present issues that "might reasonably be expected to alter the conclusion reached by the court;" rather they simply seek yet another opportunity to "relitigate . . . issue[s] already decided." *Shrader*, 70 F.3d at 257.

### B. The Court has already rejected Plaintiff's claim involving the interpretation of New York state law.

The second issue raised in Plaintiff's motion for reconsideration was likewise already considered and rejected by this Court. The original Complaint and motion for a preliminary injunction sought to compel arbitration of certain claims based on IDR entities' eligibility

determinations. *See* Compl. ¶¶ 63-67; ECF No. 11 at 10-12. This Court considered and rejected this claim. *See* ECF No. 21 at 14 ("This claim fails because plaintiff has not pointed to any provision of the act that requires defendants to compel arbitration of these claims. In any event, it is the IDR entities, not defendants, who are charged with making eligibility determinations under the act") (citing 45 C.F.R. § 149.510(c) ("[T]he certified IDR entity selected must review the information submitted in the notice of IDR initiation to determine whether the Federal IDR process applies.")).

Plaintiff's motion for reconsideration does not cite any new intervening law in support of this claim and instead merely argues that the Departments have failed to issue clarifying guidance regarding the applicability of New York state law. ECF No. 46-1 at 4-5. But the No Surprises Act does not impose any obligation on the Departments to publish detailed guidance for IDR entities, which, after all, are required by statute to have "sufficient medical, legal, and other expertise" to make these determinations themselves. 42 U.S.C. § 300gg-111(c)(4)(A)(i). Courts can compel only "*discrete* agency action that [an agency] is *required to take*," *Norton v. S. Utah Wilderness All.* ("*SUWA*"), 542 U.S. 55, 64 (2004)—that is, where a statute or regulation imposes a "ministerial or non-discretionary" duty amounting to a "specific, unequivocal command," *id*. at 63-64 (citations omitted); *see also Benzman v. Whitman*, 523 F.3d 119, 131 (2d Cir. 2008) (holding general duties imposed by statute or regulation failed to constitute a discrete legal obligation). There is no such "unequivocal command" to publish more specific guidance here. *SUWA*, 542 U.S. at 63-64. The motion for reconsideration has failed to establish that there was any error, much less a clear error, that would permit reconsideration.

### C. This Court has already rejected Plaintiff's claim involving the number of IDR entities.

The third basis for Plaintiff's motion for reconsideration argues that the Departments have

violated the NSA because they have failed to certify a "sufficient number" of IDR entities to ensure a timely and efficient IDR process and seeks an order from the Court compelling the Departments to take steps to certify a "sufficient number" of IDR entities. ECF No. 46-1 at 6. This claim was presented in the original Complaint, Compl. ¶ 48, and the Court has already considered it and properly rejected it, ECF No. 21. Plaintiff has argued repeatedly, including in its first motion for a preliminary injunction, that the Departments "fail[ed] to have sufficient IDR entities on board to meet the demand." *See, e.g.*, Am. Compl. ¶¶ 36- 45, 82, ECF No. 22; ECF No. 24 at 5; Pl.'s Mot. for PI at 13, ECF No. 11; *see also* Pl.'s Reply Br. at 14, ECF No. 18 (arguing the Departments had not certified enough IDR entities). The Court considered these arguments. It specifically addressed Plaintiff's argument "that defendants have failed to certify enough IDR entities to handle the volume of disputes." ECF No. 21 at 12. But the Court correctly concluded that "plaintiff fails to identify an unambiguous statutory requirement that the defendants have skirted. The statute does not mandate any discrete actions to 'ensure' compliance with these requirements, and plaintiff does not point to any provision requiring defendants to certify a certain number of IDR entities." *Id*. at 13.

This claim continues to fail as a matter of law for the same reasons as explained in the Court's first Opinion and Order. *Id*. Plaintiff cannot point to, nor does the statute contain, any "specific, unequivocal command" requiring Defendants to certify a certain number of IDR entities. *SUWA*, 542 U.S. at 63-64 (2004) (citation omitted). To the contrary, it directs Defendants to "establish a *process* to certify [IDR entities]," and provides that "[t]he *process* . . . shall ensure that a sufficient number of entities are certified." 42 U.S.C. § 300gg-111(c)(4)(A), (E) (emphasis added). Defendants have, consistent with the Act, established a process for certifying IDR entities. *See* 45 C.F.R. § 149.510(e)(1). Plaintiff fails to allege that there is any part of the certification

process that is inconsistent with the statute or exceeds the Departments' authority. Nor does Plaintiff allege that the cause of what it asserts are an "insufficient number" of IDR entities is the process established by the Departments as opposed to, for example, an insufficient number of interested businesses submitting applications to become certified.[2] The Court's thorough and sound reasoning in its original Opinion and Order was, and remains, correct, and Plaintiff has failed to meet the strict standard for entitlement to reconsideration. *See Shrader*, 70 F.3d at 257.

> D. **The Court did not dismiss Plaintiff's claims solely based on mootness, and Plaintiff's characterization otherwise does not provide grounds for reconsideration.**

Finally, Plaintiff argues that the Court erred in its mootness analysis by failing to consider prior instances of temporary pauses in the operation of the Federal IDR portal when technical and systems upgrades needed to be made in response to court orders. But the Court correctly concluded that subsequent events made Plaintiff's motion both moot and futile. See *Winzler v. Toyota Motor Sales U.S.A., Inc.*, 681 F.3d 1208, 1210 (10th Cir. 2012) ("[I]f events so overtake a lawsuit that the anticipated benefits of a remedial decree no longer justify the trouble of deciding the case on the merits, equity may demand not decision but dismissal.").

Furthermore, this Court made clear in its April 2024 Memorandum Decision and Order that its decision dismissing Plaintiff's claims was not based on mootness alone. As this Court explained:

> Even if the Court was not dismissing the amended complaint on the ground of

---

[2] Additionally, to the extent that Plaintiff's theory of injury-in-fact for Article III standing purposes derives from an injury caused by an allegedly insufficient number of IDR entities, Plaintiff lacks standing to pursue that claim because it cannot establish causation or redressability. Where standing depends on the independent actions of third parties not before the Court, it becomes substantially more difficult to establish. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 562 (1992). Although Plaintiff seeks to require the Departments to certify additional IDR entities, it is unclear how Plaintiff thinks this goal would be accomplished or what discrete actions the Departments should take, as the Departments cannot force private businesses to choose to apply to become certified IDR entities.

10

> mootness, the Court agrees with HHS that the Court's reasoning in dismissing the original complaint is just as applicable to the amended complaint. There are no new allegations, and plaintiff is simply rearguing the substantive points under the No Surprises Act that this Court already rejected. The amended complaint would therefore be dismissed even if it wasn't moot.

ECF No. 44 at 3 n.1. This Court has already held that the Departments fulfilled their statutory duty to establish an IDR process. ECF No. 21. And, as Defendants explained in their opposition to Plaintiff's motion for a preliminary injunction, the temporary pause in the IDR portal did not amount to a violation of the statutory obligation to "establish" an IDR process, and the Court was correct to grant Defendants' motion to dismiss. ECF No. 37 at 13. The temporary pause—implemented solely to respond to changes required by adverse judgments entered by a district court in separate litigation—was not only a practical necessity but well within the Departments' discretion. Plaintiff essentially sought an injunction ordering the Departments to make technological and systems updates and issue guidance *faster*. But an order that is "not much more than a direction to 'hurry up' . . . is not a proper injunction." *L.V.M. v. Lloyd*, 318 F. Supp. 3d 601, 621 (S.D.N.Y. 2018). The temporary pause of the IDR portal to make technological and systems updates necessitated by court orders did not somehow abolish the Federal IDR process.

## CONCLUSION

For the foregoing reasons, the Court should deny the motion for reconsideration.

Dated: May 1, 2024           Respectfully submitted,

                                             BRIAN M. BOYNTON
                                             Acting Assistant Attorney General

                                             BREON PEACE
                                             United States Attorney

                                             ERIC B. BECKENHAUER
                                             Assistant Branch Director

/s/ Anna Deffebach
ANNA DEFFEBACH
Trial Attorney
D.C. Bar No. 241346
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, DC 20005
Phone: (202) 305-8356
Fax: (202) 616-8470
E-mail: Anna.L.Deffebach@usdoj.gov

*Counsel for Defendants*